IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARPENTERS PENSION TRUST FUND OF )
KANSAS CITY, a Trust Fund, )
)
    and )
)
ALBERT L. BOND, and DONALD E. GREENWELL, III, )
TRUSTEES OF THE CARPENTERS PENSION TRUST FUND )
OF KANSAS CITY, )
)
    and )
)
ST. LOUIS – KANSAS CITY CARPENTERS )
REGIONAL ANNUITY FUND, a Trust Fund, )
)
    and )
)
VIRGIL W. KLOTH, and BRIAN MURPHY, )
TRUSTEES OF THE ST. LOUIS – KANSAS CITY )
CARPENTERS REGIONAL ANNUITY FUND, )
)
    and )
)
CARPENTERS' HEALTH AND WELFARE TRUST FUND )
OF ST. LOUIS, a Trust Fund, )
) **No**.
    and )
)
VIRGIL W. KLOTH, and BRIAN MURPHY, )
TRUSTEES OF THE CARPENTERS' HEALTH AND )
WELFARE TRUST FUND OF ST. LOUIS, )
)
    and )
)
CARPENTERS VACATION TRUST FUND OF )
ST. LOUIS, a Trust Fund, )
)
    and )
)
ALBERT L. BOND and BRIAN MURPHY )
TRUSTEES OF THE CARPENTERS VACATION )
TRUST FUND OF ST. LOUIS )
)
    and )
)
CARPENTERS' JOINT TRAINING FUND OF ST. LOUIS, )
A Trust Fund, )
)

and                                                                )
                                                                   )
ALBERT L. BOND and BRIAN MURPHY                                    )
TRUSTEES OF THE CARPENTERS' JOINT TRAINING                         )
FUND OF ST. LOUIS,                                                 )
                                                                   )
        and                                                        )
                                                                   )
ST. LOUIS – KANSAS CITY CARPENTERS                                 )
REGIONAL COUNCIL,                                                  )
                                                                   )
                               Plaintiffs,                         )
        v.                                                         )
                                                                   )
**DRYWALL, INC.,**                                                 )
**[SERVE:       United States Corporation Agents, Inc.**           )
**                Registered Agent**                               )
**                2000 East 13th**                                 )
**                Hays, KS  67601]**                               )
                                                                   )
and                                                                )
                                                                   )
**ROBERT L. KNOBLAUCH, an individual,**                            )
**[SERVE:       3701 W Dora**                                      )
**                Wichita, Kansas 67213]**                         )
                                                                   )
                               Defendants.                         )

## C O M P L A I N T

### COUNT I

Come now Plaintiffs, Carpenters Pension Trust Fund of Kansas City, a Trust Fund, and

Albert L. Bond and Donald E. Greenwell, III, duly appointed and acting Trustees of the Carpenters

Pension Trust Fund of Kansas City who are authorized to maintain this action on behalf of the

Pension Fund and all the Trustees of the Carpenters Pension Trust Fund of Kansas City, and, for

their cause of action under Count I against Defendant Drywall, Inc., state:

        1.      This action arises under and jurisdiction is founded on Section 502 and Section

515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"),

29 U.S.C. § 1132 and 29 U.S.C. § 1145.

        2.      Plaintiffs, Albert L. Bond and Donald E. Greenwell, III, are duly appointed and

acting Trustees of the Carpenters Pension Trust Fund of Kansas City, who are authorized to maintain this action on behalf of the Pension Fund and all the Trustees of the Carpenters Pension Trust Fund of Kansas City; Plaintiff, Carpenters Pension Trust Fund of Kansas City (hereinafter referred to as "Plaintiff Fund"), is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1003.

3.      Said Plaintiff Fund was established on April 1, 1968, pursuant to the collective bargaining agreement entered into between the Builders Association of Missouri (hereinafter referred to as "Association") and The United Brotherhood of Carpenters and Joiners of America, District Council of Kansas City and Vicinity, AFL-CIO that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective January 1, 1976.

4.      The situs of the Plaintiff Fund is the City of Kansas City, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws.

5.      Plaintiffs have served the Secretary of the Treasury and the Secretary of Labor with copies of the within Complaint as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h) by depositing copies of said Complaint in the United States mail, certified mail, addressed to said Secretary of the Treasury and said Secretary of Labor on or about the date of the filing of the Complaint.

6.      Defendant Drywall, Inc. is a Kansas Corporation doing business in the State of Kansas and at all times material herein employed carpenters performing work covered by the collective bargaining agreement herein mentioned.

7.      In the ordinary course of business, Defendant Drywall, Inc. annually engages in substantial dollar volume in business with persons, firms and corporations which are engaged in businesses affecting commerce within the meaning of the Labor Management Relations Act, as

amended, 29 U.S.C. § 151 and 29 U.S.C. § 185.

8.      At all times material herein, Defendant Drywall, Inc. stipulated and agreed to be bound by the terms and conditions of collective bargaining agreement then in effect and that would subsequently be in effect between the Association and the St. Louis – Kansas City Carpenters' Regional Council and Local 201 Wichita, Kansas (hereby referred to as "Union") for the Local-201-Interior-Wichita,KS Agreement (hereafter referred to as "collective bargaining agreement"); Defendant Drywall, Inc. thereby became bound by the terms and conditions of the collective bargaining agreement then in effect and those that would subsequently be in effect.

9.      Carpenter employees of the Defendant Drywall, Inc. were employed under the terms of the collective bargaining agreements between the Association and the Union under the terms of which Defendant Drywall, Inc. agreed, among other things, to pay and contribute to Plaintiff Fund various sums per hour for each employee covered by and subject to said agreements at all times material herein; and during said period to submit written reports within fifteen (15) days after the last day of the preceding month for the hours worked during said preceding month; that said reports should list the names and hours worked and the amounts contributed for each such employee of Defendant Drywall, Inc..

10.     That the Defendant Drywall, Inc. is required by Section 209 of ERISA, 29 U.S.C. 1059, to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees.

11.     Under the agreement hereinabove mentioned, Defendant Drywall, Inc. likewise agreed, among other things, to be bound by the terms and provisions of the Trust Agreement, as amended, under which the said Plaintiff Fund is administered and to allow an official agent of the Board of Trustees of said Plaintiff Fund, upon request, during regular business hours, to inspect and make copies of any and all records of Defendant Drywall, Inc. pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid

on account of employees and other records relevant to and of assistance in determining whether Defendant Drywall, Inc.'s obligations under said agreements to make payments to said Plaintiff Fund have been faithfully performed.

12.     Defendant Drywall, Inc. has failed and refused to submit correct remittance reports and correct contributions to Plaintiff Fund from **January 22, 2020,** to date, and Plaintiff Fund is unable to determine the total amount of contributions owed by Defendant without an accounting of the books and records of Defendant Drywall, Inc. covering the period **January 22, 2020,** to date.

13.     The collective bargaining agreement and Trust Agreement, as amended, and hereinabove mentioned likewise provide that, if payment of sums due said Plaintiff Fund therein mentioned are made later than the time required, the Board of Trustees may impose on the employer liquidated damages, interest, audit costs, and reasonable attorneys' fees and Court costs incurred to enforce payments from an employer in default.

14.     The collective bargaining agreement and Trust Agreement, as amended, further provide that the Board of Trustees may require the employer to put up cash deposits in advance of work and/or to enter into an escrow arrangement with the Plaintiff Fund or post a corporate bond guaranteeing performance under the Trust Agreement, as amended.

15.     Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing, and irreparable injury, loss and damage unless Defendant Drywall, Inc. is ordered to specifically perform all obligations on Defendant Drywall, Inc's part required to be performed under the collective bargaining agreement and Trust Agreements, as amended, and herein referred to.

16.     Defendant Drywall, Inc. is required by Section 515 of ERISA, 29 U.S.C. 1145 to make fringe benefit contributions to Plaintiffs pursuant to and in accordance with the terms and conditions of the aforesaid collective bargaining agreement and Trust Agreement, as amended;

and this action is brought by Plaintiff Trustees for and on behalf of Plaintiff Fund to enforce said Defendant Drywall, Inc.'s obligations under Section 515 of ERISA.

17.     That pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), Plaintiffs are entitled to a mandatory award of unpaid fringe benefit contributions; interest on said unpaid fringe benefit contributions as provided for in the aforesaid Trust Agreement, as amended; liquidated damages as provided for in the aforesaid Trust Agreement, as amended; reasonable attorneys' fees; and their cost of this action.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant Drywall, Inc's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.     For judgment against Defendant Drywall, Inc. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 22, 2020,** to date;

C.     For judgment against Defendant Drywall, Inc. for liquidated damages;

D.     For judgment against Defendant Drywall, Inc. for interest on the unpaid fringe benefit contributions;

E.     For judgment against Defendant Drywall, Inc. for reasonable attorneys' fees incurred in the prosecution of this cause;

F.     For judgment against Defendant Drywall, Inc. for audit costs incurred in the prosecution of this cause;

G.     For an Order requiring Defendant Drywall, Inc. to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond

guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. §1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.      For an Order requiring the Defendant Drywall, Inc. to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.      For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## **COUNT II**

Come now Plaintiffs, St. Louis – Kansas City Carpenters Regional Annuity Fund, a Trust Fund, and Virgil W. Kloth, and Brian Murphy, duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who are authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund, and, for their cause of action under Count II against Defendant Drywall, Inc, state:

1.      Plaintiffs, Virgil W. Kloth, and Brian Murphy, are duly appointed and acting Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund who authorized to maintain this action on behalf of the Annuity Fund and all the Trustees of the St. Louis – Kansas City Carpenters Regional Annuity Fund; Plaintiff St. Louis – Kansas City Carpenters Regional Annuity Fund (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. § 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. § 1002.

2.      Said Plaintiff Fund was established and adopted on May 1, 2019, pursuant to the collective bargaining agreement between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis and Eastern Missouri, The Builders' Association, Flooring Industry Council of Greater St. Louis, and Southern Illinois Builders Association (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis.

3.      The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant Drywall, Inc.'s books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.      For judgment against Defendant Drywall, Inc. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 22, 2020,** to date;

C.      For judgment against Defendant Drywall, Inc. for liquidated damages;

D.      For judgment against Defendant Drywall, Inc. for interest on the unpaid fringe benefit contributions;

E.      For judgment against Defendant Drywall, Inc. for reasonable attorneys' fees incurred in the prosecution of this cause;

F.      For judgment against Defendant Drywall, Inc. for audit costs incurred in the prosecution of this cause;

G.      For an Order requiring Defendant Drywall, Inc. to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.      For an Order requiring the Defendant Drywall, Inc. to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.      For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT III

Come now Plaintiffs, Carpenters Health and Welfare Trust Fund of St. Louis, a Trust Fund, and Virgil W. Kloth and Brian Murphy, duly appointed and acting Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis, and, for their cause of action under Count III against Defendant Drywall, Inc., state:

1.      Plaintiffs, Virgil W. Kloth and Brian Murphy, are duly appointed and acting Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis who authorized to maintain this action on behalf of the Welfare Fund and all the Trustees of the Carpenters Health and Welfare Trust Fund of St. Louis; Plaintiff Carpenters Health and Welfare Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the

Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.     Said Plaintiff Fund was established on May 1, 1953, pursuant to the collective bargaining agreement between the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters' District Council of St. Louis (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised effective December 11, 1975.

3.     The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4.     Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.     An Order directing that an accounting be made of Defendant Drywall, Inc.'s books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.     For judgment against Defendant Drywall, Inc. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 22, 2020,** to date;

C.     For judgment against Defendant Drywall, Inc. for liquidated damages;

D.     For judgment against Defendant Drywall, Inc. for interest on the unpaid fringe

benefit contributions;

E.      For judgment against Defendant Drywall, Inc.for reasonable attorneys' fees incurred in the prosecution of this cause;

F.      For judgment against Defendant Drywall, Inc.for audit costs incurred in the prosecution of this cause;

G.      For an Order requiring Defendant Drywall, Inc.to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.      For an Order requiring the Defendant Drywall, Inc.to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.      For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT IV

Come now Plaintiffs, Carpenters Vacation Trust Fund of St. Louis, a Trust Fund, and Albert L. Bond and Brian Murphy, duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who are authorized to maintain this action on behalf of the Vacation Fund and all the Trustees of the Carpenters Vacation Trust Fund of St. Louis, and, for their cause of action under Count IV against Defendant Drywall, Inc., state:

1.      Plaintiffs, Albert L. Bond and Brian Murphy are duly appointed and acting Trustees of the Carpenters Vacation Trust Fund of St. Louis who authorized to maintain this action on

behalf of the Vacation Fund and all the Trustees of the Carpenters Vacation Trust Fund of St. Louis; Plaintiff Carpenters Vacation Trust Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.      Said Plaintiff Fund was established on May 1, 1969, pursuant to the collective bargaining agreement between Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations") and the Carpenters District Council of Greater St. Louis (hereinafter referred to as "Union"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised May 1, 1983.

3.      The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant Drywall, Inc.'s books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.      For judgment against Defendant Drywall, Inc. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said agreements times the hourly amounts due under said agreements for the period **January 22, 2020,** to date;

C.      For judgment against Defendant Drywall, Inc. for liquidated damages;

D.      For judgment against Defendant Drywall, Inc. for interest on the unpaid fringe benefit contributions;

E.      For judgment against Defendant Drywall, Inc. for reasonable attorneys' fees incurred in the prosecution of this cause;

F.      For judgment against Defendant Drywall, Inc. for audit costs incurred in the prosecution of this cause;

G.      For an Order requiring Defendant Drywall, Inc. to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

I.      For an Order requiring the Defendant Drywall, Inc. to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

J.      For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

K.      For such other relief as the Court may deem appropriate.

## COUNT V

Come now Plaintiffs, Carpenters' Joint Training Fund of St. Louis, a Trust Fund, and Albert L. Bond and Brian Murphy, duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who are authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis, and, for their cause of action under Count V against Defendant Drywall, Inc., state:

1.      Plaintiffs, Albert L. Bond and Brian Murphy are duly appointed and acting Trustees of the Carpenters' Joint Training Fund of St. Louis who authorized to maintain this action on behalf of the Training Fund and all the Trustees of the Carpenters' Joint Training Fund of St. Louis; Plaintiff Carpenters' Joint Training Fund of St. Louis (hereinafter referred to as "Plaintiff Fund") is a trust fund existing and established pursuant to the Labor Management Relations Act, as amended, Section 302, 29 U.S.C. 186; that said Plaintiff Fund is an employee benefit plan within the meaning of Section 3 of ERISA, 29 U.S.C. 1002.

2.      Said Plaintiff Fund was established on August 27, 2001, pursuant to the collective bargaining agreement between the Carpenters' District Council of Greater St. Louis (hereinafter referred to as "Union") and the Associated General Contractors of St. Louis and Home Builders Association of Greater St. Louis (hereinafter referred to as "Associations"); that the Trust Agreement establishing the Plaintiff Fund was amended and revised July 1, 2004.

3.      The situs of the Plaintiff Fund is the City of St. Louis, Missouri, and all questions pertaining to the validity, construction, and administration of said Fund shall be determined in accordance with the laws of the State of Missouri and the aforementioned Federal laws

4.      Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs One (1), Five (5), Six (6), Seven (7), Eight (8), Nine (9), Ten (10), Eleven (11), Twelve (12), Thirteen (13), Fourteen (14), Fifteen (15), Sixteen (16), and Seventeen (17) of Count I of the Complaint.

WHEREFORE, Plaintiffs pray for the following Orders, Judgments and Decrees:

A.      An Order directing that an accounting be made of Defendant Drywall, Inc.'s books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.      For judgment against Defendant Drywall, Inc. in a sum equal to the number of hours found by said accounting to have been worked and/or paid to employees covered by said

agreements times the hourly amounts due under said agreements for the period **January 22, 2020,** to date;

       C.      For judgment against Defendant Drywall, Inc. for liquidated damages;

       D.      For judgment against Defendant Drywall, Inc. for interest on the unpaid fringe benefit contributions;

       E.      For judgment against Defendant Drywall, Inc. for reasonable attorneys' fees incurred in the prosecution of this cause;

       F.      For judgment against Defendant Drywall, Inc. for audit costs incurred in the prosecution of this cause;

       G.      For an Order requiring Defendant Drywall, Inc. to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiffs or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement, as amended;

       H.      For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the benefits due or which may become due to such employees;

       I.      For an Order requiring the Defendant Drywall, Inc. to specifically perform all provisions of the current and future collective bargaining agreement and Trust Agreement, as amended, in respect to the reporting and payment of fringe benefit contributions to the Plaintiffs;

       J.      For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

       K.      For such other relief as the Court may deem appropriate.

**<u>COUNT VI</u>**

       Comes now Plaintiff, St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Plaintiff Union") and for its cause of action under Count VI against Defendant Drywall, Inc. states:

1.  Plaintiff Union is an unincorporated association comprised of and representing persons engaged in carpentry, joining, and related activities. The Union is a "labor organization" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and is an "employee organization" within the meaning of Section 3(4) of ERISA, 29 U.S.C. § 1002(4). The Union is and was at all times material here the collective bargaining representative of all employees in its bargaining units employed by Defendant Drywall, Inc.

2.  Defendant has agreed to permit the Plaintiff Union to examine, inspect and audit Defendant's books and records from **January 22, 2020**, to date, for the purposes of determining the amounts of dues which should have been paid to said Plaintiff Union during said period. Plaintiff Union is therefore authorized to make said examination, inspection and audit as provided for by the agreements hereinabove mentioned.

3.  Plaintiff Union hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs Six (6), Seven (7), Eight (8), Nine (9), Ten (10), and Eleven (11) of Count I of the Complaint.

WHEREFORE, Plaintiff Union prays for the following Orders, Judgments and Decrees:

A.  An Order directing that an accounting be made of Defendant Drywall, Inc's books and records to determine the total number of hours worked and/or paid to employees covered by the aforesaid collective bargaining agreement from **January 22, 2020,** to date;

B.  For judgment against Defendant Drywall, Inc. for the dollar amount of unpaid dues found by said accounting for the period **January 22, 2020,** to date;

C.  For judgment against Defendant Drywall, Inc. for interest on the unpaid dues;

D.  For judgment against Defendant Drywall, Inc. for reasonable attorneys' fees incurred in the prosecution of this cause;

E.     For judgment against Defendant Drywall, Inc. for audit costs incurred in the prosecution of this cause;

F.     For an Order requiring Defendant Drywall, Inc. to put up cash deposits in advance of work and/or to enter into an escrow arrangement with Plaintiff Union or post a corporate bond guaranteeing performance under the applicable collective bargaining agreement;

G.     For an Order, pursuant to Section 209 of ERISA, 29 U.S.C. § 1059, requiring Defendant Drywall, Inc. to maintain records with respect to each employee sufficient to determine the amount of unpaid dues owed or the amount of unpaid dues which may become owed on behalf of such employees;

H.     For an Order requiring the Defendant Drywall, Inc. to specifically perform all provisions of the applicable collective bargaining agreement, in respect to the reporting and payment of unpaid dues owed to the Plaintiff Union;

I.     For judgment against Defendant Drywall, Inc. for costs incurred in this action; and

K.     For such other relief as the Court may deem appropriate.

## COUNT VII

Comes now Plaintiff, St. Louis – Kansas City Carpenters' Regional Council (hereby referred to as "Union") and for its cause of action under Count VII against Defendant Drywall, Inc. and Defendant Robert L. Knoblauch states:

1.     Jurisdiction for this cause of action and the parties to it is conferred upon this Court by 28 U.S.C. §1367.

2.     Plaintiffs hereby incorporate, adopt and make part hereof all of the allegations of Paragraphs Six (6), Seven (7), Eight (8), and Twelve (12) of Count I of the Complaint and Paragraph One (1) of Count VI of the Complaint.

3.     Defendant Robert L. Knoblauch is an individual residing and conducting business within this judicial district and is an owner of Defendant Drywall, Inc.

{00454234;MU21-501;RDSMITH }

4.      On March 31, 2020, Plaintiff Union made a market recovery loan of $141,560.00 with an associated interest rate of 4% to Defendant Drywall, Inc. and Defendant Robert L. Knoblauch for the Kansas Wesleyan University Nursing School Addition & Renovation Project in Salina, Kansas.

5.      Defendant Drywall, Inc. and Defendant Robert L. Knoblauch agreed to make payments of outstanding principal plus all accrued unpaid interest by dual party checks on draws from the general contractor on the Kansas Wesleyan University Nursing School Addition & Renovation Project, which is reflected in the Promissory Note.

6.      The current balance on the March 31, 2020 loan is $53,712.01.

7.      Defendant Drywall, Inc. and Defendant Robert L. Knoblauch have materially defaulted under the terms of the March 31, 2020 note, including but not limited to the provision of the note tiled "Default" which pertains to the "Union Status" and requires the Defendants to "remain current in fringe benefit payment on behalf of union members."

8.      On May 19, 2020, Plaintiff Union made a second market recovery loan of $34,400.00 with an associated interest rate of 4% to Defendant Drywall, Inc. and Defendant Robert L. Knoblauch for the 1401 N. Rock Rd/128 W Market Derby, KS Fire Stations Remodel Project.

9.      Defendant Drywall, Inc. and Defendant Robert L. Knoblauch agreed to make payments of outstanding principal plus all accrued unpaid interest by dual party checks on draws from the general contractor on the 1401 N. Rock Rd/128 W Market Derby, KS Fire Stations Remodel Project, which is reflected in the Promissory Note.

10.     The current balance on the May 19, 2020 loan is $37,900.00.

11.     Defendant Drywall, Inc. and Defendant Robert L. Knoblauch materially defaulted under the terms of the May 19, 2020 note, including but not limited to the provision of the note tiled "Default" which pertains to the "Union Status" and requires the Defendants to "remain current

in fringe benefit payment on behalf of union members."

12.     On July 17, 2020, Plaintiff Union made a third market recovery loan of $15,020.00 with an associated interest rate of 4% to Defendant Drywall, Inc. and Defendant Robert L. Knoblauch for the Cleaveland HVAC upgrades Project in Wichita, Kansas.

13. Defendant Drywall, Inc. and Defendant Robert L. Knoblauch agreed to make payments of outstanding principal plus all accrued unpaid interest by dual party checks on draws from the general contractor on the Cleaveland HVAC upgrades Project, which is reflected in the Promissory Note.

14.     The current balance on the July 17, 2020 loan is $15,000.00.

15.     Defendant Drywall, Inc. and Defendant Robert L. Knoblauch materially defaulted under the terms of the July 17, 2020 note, including but not limited to the provision of the note tiled "Default" which pertains to the "Union Status" and requires the Defendants to "remain current in fringe benefit payment on behalf of union members."

16.     On December 3, 2020, Plaintiff Union made a fourth market recovery loan of $5,980.00 with an associated interest rate of 4% to Defendant Drywall, Inc. and Defendant Robert L. Knoblauch for the Evergy Newton SC Project in Newton, Kansas.

17.     Defendant Drywall, Inc. and Defendant Robert L. Knoblauch agreed to make payments of outstanding principal plus all accrued unpaid interest by dual party checks on draws from the general contractor on the Evergy Newson SC Project, which is reflected in the Promissory Note.

18.     The current balance on the December 3, 2020 loan is $5,223.30.

19.     Defendant Drywall, Inc. and Defendant Robert L. Knoblauch materially defaulted under the terms of the December 3, 2020 note, including but not limited to the provision of the note tiled "Default" which pertains to the "Union Status" and requires the Defendants to "remain current in fringe benefit payment on behalf of union members."

20.     The total amount currently due under all four Promissory notes is $111,835.31, plus interest.

21.     Plaintiff Union has made demand to Defendant Drywall, Inc. and Defendant Robert L. Knoblauch for payment of the amounts due under the above-referenced market recovery loans and declared the above-refenced loans as being in default, and Defendants have failed to tender payment.

WHEREFORE, Plaintiff Union prays for the following Orders, Judgments and Decrees:

A.     That this Court enter judgment in favor of Plaintiff Union and against Defendant Drywall, Inc. and Defendant Robert L. Knoblauch, jointly and severally, in the amount of $111,835.31, plus interest to the date of the judgment;

B.     For judgment against Defendant for reasonable attorneys' fees incurred in the prosecution of this cause;

C.     For judgment against Defendant for costs incurred in this action; and

D.     For such other relief as the Court may deem appropriate.

*Plaintiffs designate the place of trial as the United States District Court for the District of Kansas, Kansas City Division, Kansas City, Kansas.*

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/ Mark A. Kistler*
Mark A. Kistler, KS No. 17171


*/s/ Aaron D. Schuster*
Aaron D. Schuster, KS No. 25567


*/s/ Ryan D. Smith*
Ryan D. Smith, KS No. 78814
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone:    (816) 421-5788
Facsimile:    (816) 471-5574
makistler@a-nlaw.com
adschuster@a-nlaw.com
rdsmith@a-nlaw.com

*Attorneys for Plaintiffs*