IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, *et al.*, | )<br>)<br>)<br>) **No**. **2:21-cv-2172-EFM-GEB**<br>)<br>Plaintiffs, )<br>v. )<br>)<br>DRYWALL, INC. )<br>)<br>)<br>Defendant. ) |

**PLAINTIFFS' MOTION FOR JUDGMENT BY DEFAULT
BY THE COURT (PURSUANT TO RULE 55(b)(2),
FEDERAL RULES OF CIVIL PROCEDURE)**

Come now Plaintiffs, Carpenters Pension Trust Fund of Kansas City, St. Louis – Kansas City Carpenters Regional Annuity Fund, Carpenters' Health and Welfare Trust Fund of St. Louis, Carpenters' Vacation Trust Fund of St. Louis, Carpenters' Joint Training Fund of St. Louis, their respective Trustees, and St. Louis – Kansas City Carpenters Regional Council (hereinafter "Plaintiff Funds"), plaintiffs in the above entitled cause, and move this Court for a Judgment by Default in the above entitled cause and show that the Complaint in the above was filed with this Court on April 14, 2021; that the Summons and Complaint were duly served on Defendant Drywall, Inc. through its Registered Agent, United States Corporation Agents, Inc., on April 20, 2021; and that no Answer or other defense has been filed by the Defendant Drywall, Inc.

WHEREFORE, plaintiffs move this Court to make and enter the following Orders, Judgments and Decrees:

**COUNT I**

1. For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to

employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreement and Trust Agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

2. For a Judgment in favor of plaintiff, Carpenters Pension Trust Fund of Kansas City, and against Defendant Drywall, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 22, 2020,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

3. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Carpenters Pension Trust Fund of Kansas City on behalf of employees working under the collective bargaining agreement.

4. That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## **COUNT II**

1. For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective

bargaining agreement and Trust Agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

    2.    For a Judgment in favor of plaintiff, St. Louis – Kansas City Carpenters Regional Annuity Fund, and against the Defendant Drywall, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 22, 2020,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

    3.    For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the St. Louis – Kansas City Carpenters Regional Annuity Fund on behalf of employees working under the collective bargaining agreement.

    4.    That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## **COUNT III**

    1.    For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreement and Trust Agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

    2.    For a Judgment in favor of plaintiff, Carpenters' Health and Welfare Trust Fund of St. Louis, and against the Defendant Drywall, Inc. for a sum of money as unpaid fringe benefit

contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 22, 2020,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

3. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Carpenters' Health and Welfare Trust Fund of St. Louis on behalf of employees working under the collective bargaining agreement.

4. That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT IV

1. For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreement and Trust Agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

2. For a Judgment in favor of plaintiff, Carpenters' Vacation Trust Fund of St. Louis, and against the Defendant Drywall, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 22, 2020,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s

books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

3. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating to the reporting and payment of fringe benefit contributions to the Carpenters' Vacation Trust Fund of St. Louis on behalf of employees working under the collective bargaining agreement.

4. That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT V

1. For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreement and Trust Agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

2. For a Judgment in favor of plaintiff, Carpenters' Joint Training Fund of St. Louis, and against the Defendant Drywall, Inc. for a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 22, 2020,** to date, times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

3. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement and Trust Agreement, present and future, relating

to the reporting and payment of fringe benefit contributions to the Carpenters' Joint Training Fund of St. Louis on behalf of employees working under the collective bargaining agreement.

4. That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. §1059.

## COUNT VI

1. For an Order directing an accounting of Defendant Drywall, Inc.'s business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreement by Defendant Drywall, Inc. during the period **January 22, 2020,** to date.

2. For a Judgment in favor of plaintiff, St. Louis – Kansas City Carpenters Regional Council, and against the Defendant Drywall, Inc. for a sum of money as unpaid dues equal to the number of hours found by said accounting to have been paid to employees covered by said agreement from **January 22, 2020,** to date, times the hourly amounts due under said agreement and that the assessment of attorneys' fees, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant Drywall, Inc.'s books and records has been completed and the specific total amounts due and owing by Defendant Drywall, Inc. to plaintiff for said period can be ascertained.

3. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the collective bargaining agreement, present and future, relating to the reporting and payment of dues to the St. Louis – Kansas City Carpenters Regional Council on behalf of employees working under the collective bargaining agreement.

4. That Defendant Drywall, Inc. maintain records with respect to each employee sufficient to determine the dues owed or which may become owed on behalf of such employees.

## COUNT VII

1. For a Judgment in favor of plaintiff, St. Louis – Kansas City Carpenters Regional Council, and against the Defendant Drywall, Inc. in the amount of $111,835.31, plus pre and post judgment interest, representing the amount due under the four (4) promissory notes under each of which Defendant Drywall, Inc. is currently in default.

2. For an Order that Defendant Drywall, Inc. be required to specifically perform the provisions of the promissory notes relating to the repayment of the target money to the St. Louis – Kansas City Carpenters Regional Council.

ARNOLD, NEWBOLD, SOLLARS & HOLLINS, P.C.

*/s/Aaron D. Schuster*
Aaron D. Schuster, KS No. 25567
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: (816) 421-5788
Facsimile: (816) 471-5574
E-mail: adschuster@a-nlaw.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

       I hereby certify that the above and foregoing Motion for Judgment by Default by the Court, Suggestions in Support thereof, the Affidavit of Failure to Plead or Otherwise Defend In Support of Application For Entry For Default were filed electronically with the Clerk of the Court using the CM/ECF system; and a true and correct copy of each were sent postage prepaid by U.S. Mail, certified-return receipt requested, the 14th day of May, 2021 to:

United States Corporation Agents, Inc.
Registered Agent of Drywall, Inc.
2000 East 13th
Hays, KS 67601

                                            */s/Aaron D. Schuster*
                                            Aaron D. Schuster