IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARPENTERS PENSION TRUST FUND
OF KANSAS CITY, et al.,

    *Plaintiffs,*

vs.

DRYWALL, INC., et al.,

    *Defendants.*

Case No. 21-2172-EFM-GEB

**MEMORANDUM AND ORDER**

Plaintiffs move for a judgment of civil contempt against Defendant Drywall, Inc., and Drywall's President and sole director, Robert Knoblauch (Docs. 25 and 31). The Court's record shows that Drywall and Knoblauch are aware of the Court's Orders but have not responded to them or otherwise appeared in this case. Therefore, the Court grants Plaintiffs' motion.

### I.    Factual and Procedural Background

Plaintiffs filed this lawsuit on April 14, 2021, to secure an audit to determine if employee benefit plan contributions were due from Drywall and to recover those contributions found to be due. Plaintiffs served Drywall through its registered agent, United States Corporation Agents, on April 19. Drywall failed to answer or otherwise respond to Plaintiffs' Complaint. On May 27, the Court entered default judgment against Drywall and ordered it to submit to a payroll examination covering the period of January 22, 2020, to the present (the "May 27 Order").

On July 15, a copy of the May 27 Order was mailed by U.S. Mail to Drywall, through its registered agent, and to Drywall's President, Robert Knoblauch. Drywall received a copy of the Court's May 27 Order on July 19. Neither Drywall nor Knoblauch responded to the Court's May 27 Order.

On August 13, Plaintiffs filed the current motion asking the Court to hold Drywall and Knoblauch in civil contempt. On August 18, the Court issued an Order to Show Cause (the "Show Cause Order") finding that (1) Drywall did not respond to the Court's May 27 Order and (2) Knoblauch has a responsibility to abide by the May 27 Order as Drywall's President. The Court ordered Drywall and Knoblauch to show cause within 14 days why a judgment of civil contempt should not be entered against them. The Court sent a copy of the Show Cause Order to Drywall's registered agent, who accepted receipt of the Order. The Court also sent a copy of the Show Cause Order to Knoblauch, who refused to accept the Order. As of the present date, neither Drywall nor Knoblauch have responded to the any of the Court's Orders or otherwise appeared in this case.

## II.  Analysis

A court can "punish by fine or imprisonment, or both, at its discretion, such contempt of its authority . . . as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree or command."[1] It is well-settled that "[a] district court may exercise broad discretion in using its contempt power to assure compliance with its orders."[2] Civil contempt has a remedial objective

---

[1] 18 U.S.C. § 401(3); *see also Shillitani v. United State*s, 384 U.S. 364, 370 (1966) (citations omitted) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.") (citation omitted).

[2] *Rodriguez v. IBP, Inc*., 243 F.3d 1221, 1231 (10th Cir. 2001) (citation omitted).

and is imposed to compel compliance with a court order.[3] The party seeking an order of civil contempt bears the burden to demonstrate that sanctions are warranted by clear and convincing evidence.[4] The moving party satisfies this burden by showing: (1) the existence of a valid court order, (2) the contemnor's knowledge of that order, and (3) that the contemnor disobeyed the order.[5]

The Court finds that Plaintiffs have established by clear and convincing evidence that Drywall should be held in civil contempt. First, the May 27 and Show Cause Orders are valid court orders. Second, Drywall received adequate notice of these Orders. Plaintiff's counsel served a copy of the May 27 Order on Drywall's registered agent via U.S. Mail, and the Court served a copy of the Show Cause Order on Drywall's agent in the same manner. This service was sufficient, effective, and complete under Federal Rules of Civil Procedure 77(d)(1) and 5(b)(2)(C). Third, Drywall has refused to comply with the Court's Orders. To this date, Drywall has not answered the Court's Orders or otherwise appeared in the case.

The Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard.[6] This does not mean, however, that an evidentiary hearing is required in this case. The Court gave Drywall the opportunity to be heard by issuing the Show Cause Order to show cause as to why Drywall should not be held in contempt. Drywall did not respond to this Order, and thus forfeited its opportunity to present argument as to why it should not be sanctioned.

---

[3] *United States v. Pro. Air Traffic Controllers Org.*, 703 F.2d 443, 445 (10th Cir. 1983).

[4] *Id*. (citation omitted).

[5] *Reliance Ins. Co. v. Mast Constr. Co*., 159 F.3d 1311, 1315 (10th Cir. 1998) (citation omitted).

[6] *F.T.C. v. Kuykendall*, 371 F.3d 745, 754 (10th Cir. 2004).

Furthermore, district courts in the Tenth Circuit have held that a full evidentiary hearing is not required where there are no genuine issues of material fact, the accused party had ample notice and opportunity to respond, and the parties did not request a hearing.[7]  Here, there are no disputes of material fact, and Drywall has not requested a hearing.  Thus, the due process requirements have been satisfied in this case.

Because Drywall had knowledge of and disobeyed the Court's Orders, the Court holds Drywall in civil contempt.  In addition, the Court holds Knoblauch in civil contempt based on his obligations as Drywall's President.  A corporate officer may be jointly liable with the corporation for civil contempt.[8]  "A command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs."[9]  Whether the corporate officer is named as a defendant in the action is not controlling.[10]  Here, Knoblauch is not a named defendant in this case.  But, as Drywall's President, he has an obligation to respond to the Court's Orders on behalf of Drywall.  Based on a review of the record in this case, Knoblauch has wholly failed to meet this obligation.  Not only has he failed to respond to the May 27 Order, but he also refused service of the Court's Show Cause Order to show cause why he should not be held in contempt.

---

[7] *See Ad-X Int'l, Inc. v. Kolbjornsen*, 2008 WL 5101304, at *5 (D. Colo. 2008) (citing *Hart's Rocky Mountain Retreat, Inc. v. Gayhart*, 2007 WL 2491856, at *1 (D. Colo. 2007) and *United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okla. 1995)).

[8] *See Kuykendall*, 371 F.3d at 759 (10th Cir. 2004) (holding that the district court did not abuse its discretion in holding the president of a corporation in civil contempt because the president was required to take the appropriate action for performance of the corporate duty).

[9] *Id*. at 759 (quoting *Wilson v. United States*, 221 U.S. 361, 376 (1911)).

[10] *See Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 382 (6th Cir. 2003) (finding that a corporate officer could be held in civil contempt even though the officer was not a named defendant).

Having held both Drywall and Knoblauch in civil contempt, the Court must impose appropriate sanctions. A district court has several options to advance the remedial purpose of civil contempt sanctions. For example, the Court may order the contemnor to pay attorneys' fees and expenses,[11] pay profits received as a result of the contemptuous conduct,[12] or pay a daily fine for the duration of the contemnor's noncompliance.[13] Here, Plaintiffs request in their motion that Drywall be ordered to pay them their reasonable expenses, including attorneys' fees, incurred by Drywall's failure to comply with the Court's prior Orders. The Court finds this sanction to be appropriate given that Plaintiffs have been forced to expend their own resources to compel Drywall's compliance with the May 27 Order. Furthermore, this sanction would serve the dual purposes of: (1) compensating Plaintiffs for the expenses occurred because of Drywall's behavior and (2) coercing Drywall into compliance with the Court's Order.[14] Plaintiffs shall submit to the Court a verified statement setting forth their reasonable attorney fees and expenses caused by Drywall's failure to abide by the Court's May 27 and Show Cause Orders by no later than November 12, 2021.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motions for Judgment of Civil Contempt (Docs. 25 and 31) are **GRANTED**.

---

[11] *Universal Motor Oils Co., Inc. v. Amoco Oil Co.*, 743 F. Supp. 1484, 1487 (D. Kan. 1990) (citation omitted).

[12] *Premium Nutritional Prods., Inc. v. Ducote*, 571 F. Supp. 2d 1216, 1220 (D. Kan. 2008).

[13] *Id*. at 1221.

[14] *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) ("Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order and (2) to compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance." (internal citation marks, alterations, and quotation omitted)).

**IT IS FURTHER ORDERED** that a judgment of civil contempt is ordered against Drywall, Inc. and Robert Knoblauch.

**IT IS FURTHER ORDERED** that Drywall is to pay Plaintiffs their reasonable expenses, including attorneys' fees, caused by Drywall's failure to comply with the Court's May 27 and Show Cause Orders.  Plaintiffs shall submit to the Court a verified statement of their reasonable attorneys' fees and expenses by no later than November 12, 2021.

**IT IS SO ORDERED**.

Dated this 21st day of October, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE