IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CARPENTERS PENSION TRUST FUND
OF KANSAS CITY, et al.,

    *Plaintiffs,*

vs.

DRYWALL, INC., et al.,

    *Defendants.*

Case No. 21-2172-EFM-GEB

**MEMORANDUM AND ORDER**

On October 21, 2021, the Court held Defendant Drywall, Inc., and its President, Robert Knoblauch, in civil contempt for failing to comply with the Court's orders. The Court found that Drywall failed to comply with (1) the Court's Order issued on May 27 requiring it to submit to a payroll examination (the "May 27 Order") and (2) the Court's Order issued on August 18 requiring it to show cause as to why it should not be held in civil contempt (the "Show Cause Order"). As a sanction, the Court ordered Drywall to pay Plaintiffs their reasonable attorneys' fees and expenses incurred as a result of Drywall's noncompliance. On November 12, Plaintiffs filed an Affidavit in Support of Attorneys' Fees stating that the amount of attorneys' fees and expenses incurred by Plaintiffs is $1,815.84.

The Court must determine whether Plaintiffs reasonably incurred $1,815.84 in fees and expenses in participating in the contempt proceedings. In doing so, the Court will follow the

familiar "lodestar" analysis.[1] Under this analysis, a presumptively reasonable attorney's fee is the product of "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[2]

Plaintiffs' counsel has submitted a summary of its services for the contempt proceedings. The summary shows that Plaintiffs' counsel spent 7.2 hours on the contempt proceedings beginning on August 13, 2021, when it began drafting the motion for a show cause order and to hold Drywall in civil contempt, through October 25, when it reviewed the Court's Order holding Drywall in contempt. Because counsels' services included legal research and drafting two motions with accompanying memorandum, the Court finds 7.2 hours to be a reasonable amount of time expended. The summary also shows that an individual, who the court presumes is a paralegal based on the description of work performed, spent .5 hours reviewing counsel's email, preparing documents for electronic filing, and assisting the secretary with electronic filing. This also is a reasonable amount of time to expend on these services. Therefore, the Court finds 7.7 hours to be a reasonable amount of time spent on the contempt proceedings.

The Court next must determine the reasonable hourly rate. This determination requires the court to

> establish, from the information provided to it and from its own analysis of the level of performance and the skills of each lawyer whose work is to be compensated, a billing rate for each lawyer based upon the norm for comparable private firm

---

[1] *See Fish v. Kobach*, 2018 WL 3647132, at *3 (D. Kan. 2018) (using the "lodestar" figure as a starting point for determining the amount of attorneys' fees to be awarded as a sanction in a civil contempt proceeding); *QC Holdings, Inc. v. Diedrich*, 2003 WL 21518154, at *1 (D. Kan. 2003) (same).

[2] *Fish*, 2018 WL 3647132, at *3 (quoting *Anchondo v. Anderson, Crenshaw & Assocs.*, 616 F.3d 1098, 1102 (10th Cir. 2010)); *see also Diedrich*, 2003 WL 21518154, at *1 (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)).

        lawyers in the area in which the court sits calculated as of the time the court awards fees.[3]

A reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably comparable skill, experience, and reputation."[4]  A district judge may consider his "own knowledge of prevailing market rates as well as other indicia of a reasonable market rate."[5]

        Here, the summary of services proposes an hourly rate of $239.50 for each of the three attorneys who have entered their appearance on Plaintiffs' behalf.  Plaintiffs have not offered any evidence to justify this fee, but the website for the attorneys' law firm provides additional information.  According to this website, Plaintiffs' attorneys practice in the Kansas City metropolitan area.  Mr. Schuster has been practicing law since 2012; Mr. Kistler, since 1995; and Mr. Smith, since 2013.  This Court has found that a reasonable hourly rate for an attorney in the Kansas City area with seven years' and five years' experience to be $250 and $240, respectively.[6]  Here, each of Plaintiffs' attorneys has more than seven years' experience practicing law. Therefore, the Court finds $239.50 to be a reasonable hourly rate.

---

[3] *Sussman v. Patterson*, 108 F.3d 1206, 1211 (10th Cir. 1997) (quoting *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), disapproved of on other grounds, *Penn. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 729 (1987)).

[4] *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984).

[5] *Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006) (quoting *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir.1994)).

[6] *Fish*, 2018 WL 3647132, at *8.

The summary of services also proposes an hourly rate of $121.50 for paralegal services. Judges in this District have found paralegal fees of $150 are reasonable.[7] Therefore, the Court finds that Plaintiffs' proposed fee of $121.50 for paralegal services in this case reasonable.

The lodestar figure is calculated as follows:

7.2 hours x $239.50 = $1,724.4

.5 hours x $121.50 = $60.75
_____
Total = $1,785.15

After determining the lodestar amount, the court may consider other factors that may adjust the fee upward or downward. These factors include:

> 1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) preclusion of other employment; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and relationship of the professional relationship with the client; and (12) awards in similar cases.[8]

While the court may consider these factors, it does not need to consider "the factors [] subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."[9] No adjustment to the lodestar is necessary because the factors are either subsumed by the lodestar calculation or inapplicable. Based on all of the above, the Court awards Plaintiffs $1,785.15 in attorneys' fees related to the contempt proceedings.

---

[7] *M.B. v. Howard*, --- F. Supp. 3d ---, 2021 WL 3681084, at *14 (D. Kan. 2021); *see also Animal Legal Def. Fund v. Kelly*, 2020 WL 4000905, at *9 (D. Kan. 2020) (finding an hourly rate of $125 per hour reasonable for paralegals and law students).

[8] *Fish*, 2018 WL 3647132, at *8 (quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

[9] *Id.* (quoting *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1281 (D. Kan. 2016)).

Finally, Plaintiffs seek expenses of $30.69 for copying and postage related to the contempt proceedings. The Court finds these expenses to be reasonable, and therefore awards expenses to Plaintiffs in the amount of $30.69.

**IT IS THEREFORE ORDERED** that Drywall, Inc. is ordered to pay Plaintiffs $1,785.15 in attorneys' fees and $30.69 in expenses, for a total of $1815.84, as a sanction for the contempt found by the Court in its October 21, 2021 Order.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2021.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE